722 So.2d 317 (1998)
ACADIAN AMBULANCE SERVICE, INC.
v.
The PARISH OF EAST BATON ROUGE, Pamela Porter, in her capacity as Administrator of the Department of Emergency Medical Services of the Parish of East Baton Rouge, Lynn Schofield, in his capacity as Director of Finance of the Parish of East Baton Rouge, and Priority E.M.S., Inc.
No. 97 CA 2119.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
Writ Denied December 9, 1998.
*319 William C. Shockey, Douglas J. Cochran, Shockey & Ziober, Baton Rouge, Attorneys for Plaintiff-Appellee Acadian Ambulance Service, Inc.
Robert N. Aguiluz, Baton Rouge, and John Volz, Madisonville, Attorneys for Defendant-Appellant Priority E.M.S., Inc.
Before LeBLANC, FOGG and PARRO, JJ.
PARRO, Judge.
Priority E.M.S., Inc., a private ambulance service, appeals a judgment that granted a writ of mandamus, directing certain departments of East Baton Rouge Parish to notify Acadian Ambulance Service, Inc. and to hold a hearing to determine whether the public convenience and necessity required a competing ambulance service in the parish. The judgment also issued a preliminary injunction, restraining Priority from providing any ambulance services in the parish during the pendency of this litigation, under the permit already issued to it.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
This case involves a challenge to Acadian's present monopoly as the sole provider of non-emergency ambulance services in East Baton Rouge Parish. The parish operates its ambulance services under a public/private partnership. The Department of Emergency Services of East Baton Rouge Parish (EMS) regulates all ambulance services and provides emergency transportation, while private ambulance companies provide non-emergency services, such as hospital-to-hospital transport, nursing home transport, and residential subscriber transport. Acadian began providing non-emergency ambulance services in the parish in 1985. At all times before 1995, there were at least two private ambulance services operating within the parish. In 1995, Regional Ambulance Service, the last remaining competitor to Acadian, ceased operations, and Acadian became the only private ambulance operator in the parish. In 1996, Earl K. Long Hospital in Baton Rouge solicited bids for its non-emergency ambulance services. Acadian and Priority bid on this contract, and Priority submitted the low bid. However, to get the contract, Priority needed a valid permit to operate in the parish.
Therefore, in April 1996, Priority submitted an application for a permit to the Director of the Department of Finance for the parish, as required by the applicable ordinance. The application was routed to various departmentslegal, revenue, and EMSto determine if Priority met all relevant criteria. After several months, when the hospital was ready to award the contract, it contacted EMS about the status of Priority's application. On August 29, 1996, EMS determined there was a current and permanent need for a competing private ambulance service in the parish. EMS also decided to issue a certificate of convenience and necessity and grant a permit to Priority. Acadian was notified by voice-mail that day, a Thursday, and was also informed that the Director of EMS would be out of the office on the 30th. After the Labor Day weekend, on September 3, 1996, representatives of Acadian met with the parish attorney and other parish officials and voiced their opposition to the permit decision. Following that meeting, a certificate of convenience and necessity was issued and a permit was awarded to Priority, both retroactive to August 30, 1996.[1]
*320 This suit followed. On November 5, 1996, Acadian filed a mandamus action against the Parish of East Baton Rouge, Pamela Porter, in her capacity as Administrator of EMS, and Lynn Schofield, in his capacity as Director of the Department of Finance (the parish defendants). The suit asked the court to issue a writ of mandamus to compel a due process hearing to determine whether the public convenience and necessity required the issuance of a non-emergency ambulance permit to a competing private ambulance service. Acadian also sought a preliminary injunction to prevent Priority from operating under its permit while the litigation was pending. After a hearing, the trial court granted the writ of mandamus against the parish defendants, and granted a preliminary injunction against Priority.[2] Only Priority appealed.

ARGUMENTS ON APPEAL
Priority argues that mandamus is an extraordinary remedy and is only appropriate to compel a public officer to do a required, ministerial duty, but is not appropriate for a discretionary duty or for something not required by law. Acadian stipulated that the city-parish ordinances governing the permitting process do not require EMS to hold a hearing to determine whether public convenience and necessity require additional ambulance services. So Priority contends the trial court erred in requiring such a hearing. Priority also claims the ordinances only required notice to Acadian after the initial public convenience and necessity decision. Then, if Acadian could not provide the additional services needed, EMS was within its authority to issue the permit to Priority. The need identified by EMS in this case was to have a competitive private ambulance service in the parish. Because Acadian obviously could not compete with itself, it was not able to provide that "additional service." Therefore, Priority argues mandamus was improper because the parish defendants already had done everything required by the applicable ordinances in issuing the permit to it.
Priority also claims Acadian is not entitled to a hearing on the basis of due process protections, because: it operated within a competitive framework in the parish for over ten years; its permit was never intended, promised, or understood to be exclusive; and it can still do everything under its permit that it was doing before the competing permit was issued. Therefore, the grant of a permit to a competing entity was not an infringement on Acadian's property right sufficient to require a hearing prior to the determination of public convenience and necessity. Any due process requirements were fulfilled by the notice and opportunity to be heard after that determination was made, but before the permit was actually issued to Priority.
However, Acadian contends a hearing is required to protect its constitutional rights to due process. Due process is guaranteed if government action effects a deprivation of a property right, and a license or permit to operate a business is a property right. Acadian admits its permit is non-exclusive, but argues that the need for non-emergency ambulance services within the parish is finite. Therefore, as a factual matter, allowing a competitor to operate in this venue will cause Acadian economic loss, which is a deprivation of its property. It contends the court correctly ordered a hearing to determine whether public convenience and necessity actually required competition, or whether competition will, in fact, jeopardize the public/private partnership in the parish and weaken the quality of non-emergency ambulance service available to its citizens.

MOTION TO DISMISS AS MOOT
While this appeal was pending, Acadian filed a motion to dismiss it as moot. The motion stated that, pursuant to the trial court's mandamus order, the parish defendants had conducted a hearing to determine *321 whether the public convenience and necessity required a competing private ambulance service in East Baton Rouge Parish. An impartial hearing officer concluded after the hearing that there presently exists no need for additional providers of private ambulance services in East Baton Rouge Parish. The hearing officer's decision was sustained by a unanimous vote of the East Baton Rouge Parish Metro Council. Acadian contends this court cannot undo what has already been done and the appeal should therefore be dismissed as moot.
Priority opposed the motion, claiming the hearing did not moot the issues on appeal. The hearing did not address or answer whether the mandamus and injunction were appropriate. More significantly, the hearing did not, and could not, revoke the permit which had already been issued to Priority. Therefore, Priority argues the appeal is not moot, because if this court rules in its favor, Priority can begin operations in East Baton Rouge Parish under its validly issued permit.

APPLICABLE LAW AND STANDARD OF REVIEW

Standard of Review
The relevant facts of this matter are not disputed by the parties. Accordingly, this court's review is limited to issues of law. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. See O'Niell v. Louisiana Power & Light Co., 558 So.2d 1235, 1238 (La.App. 1st Cir.1990); Minor v. Casualty Reciprocal Exchange, 96-2096 (La.App. 1st Cir.9/19/97), 700 So.2d 951, 953, writ denied, 97-2585 (La.12/19/97), 706 So.2d 463.

Ambulance Ordinances
LSA-R.S. 33:4791 gives municipalities and other local governing authorities the right to license, control, and regulate privately operated ambulance services within their respective localities, including determining who may operate, the rates to be charged by providers, safety and insurance requirements, and "any other requirement adopted to ensure safe, reliable responsive ambulance service, even if such requirement is anti-competitive in effect." LSA-R.S. 33:4791.1(B)(4). The relevant parish ordinances governing private ambulance services include the following:
Sec. 10:401. Department of emergency medical services.
* * * * * *
(e) The department of EMS shall be authorized to issue all permits to operate ambulances within the parish.
* * * * * *
Sec. 10:402. Owner's or operator's license required; private ambulance.
(a) No owner or operator of an ambulance operating in the parish shall permit it to be used or operated upon the streets of the parish without first obtaining a permit therefor from the finance director and the department of EMS.
* * * * * *
Sec. 10:405. Application for permits.
Applications for permits shall be made to the finance director.
* * * * * *
Sec. 10:406. Qualifications for permit.
In determining whether a permit shall be issued, the finance director and the department of EMS shall give weight and due regard, among other things, to:
* * * * * *
(7) Whether the public convenience and necessity require the proposed additional ambulance service as determined by the department of EMS.
Sec. 10:414. Certificate of convenience and necessity.
(a) In order to obtain a permit to operate an ambulance within the parish, the department of EMS must issue a certificate of convenience and necessity, as required by section 10:406(7), to the finance director.
(b) For the purpose of this chapter, "convenience and necessity" shall mean that there exists a current and permanent need for additional ambulance service in the parish and that the existing ambulance *322 operators currently hold[ing] valid permits to operate within the parish, after being notified by the department of EMS of such need, fail to provide the additional service determined necessary.
East Baton Rouge Parish Ordinance No. 9234, 2-13-91.
A very similar system of ordinances was discussed with approval by the Louisiana Supreme Court in Med Express Ambulance Service, Inc. v. Evangeline Parish Police Jury, 96-0543 (La.11/25/96), 684 So.2d 359.

Writ of Mandamus
Mandamus is a summary proceeding, which is defined as a writ that may, among other things, be used to direct a public officer to perform ministerial duties required by law. LSA-C.C.P. arts. 3781, 3861, and 3863; see Reed v. Louisiana Bd. of Pharmacy, 96-1792 (La.App. 1st Cir.9/19/97), 700 So.2d 926, 928. It is an extraordinary remedy, which must be used by the court sparinglyonly to compel action that is clearly provided by law, where it is the only available remedy or where delay occasioned by the use of any other remedy would cause injustice. LSA-C.C.P. art. 3862; Allen v. St. Tammany Parish Police Jury, 96-0938 (La. App. 1st Cir.2/14/97), 690 So.2d 150, 153, writ denied, 97-0599 (La.4/18/97), 692 So.2d 455. Mandamus lies only when a public official refuses to perform a duty the law clearly states he must perform. Bye v. Board of Trustees of Police Pension Fund, 274 So.2d 855, 856 (La.App. 4th Cir.1973). It never issues in doubtful cases. State ex rel. Neighborhood Action Committee v. Edwards, 94-0630 (La.App. 1st Cir.3/3/95), 652 So.2d 698, 700.

Preliminary Injunction
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant. During the pendency of an action for an injunction, the court may issue a preliminary injunction. LSA-C.C.P. art. 3601. A preliminary injunction is an interlocutory procedural device designed to preserve the status quo between the parties, pending a trial on the merits. Paddison Builders, Inc. v. Turncliff, 95-1753 (La.App. 1st Cir.4/4/96), 672 So.2d 1133, 1136, writ denied, 96-1675 (La.10/4/96), 679 So.2d 1386. Although the judgment on the preliminary injunction is an interlocutory judgment, it is appealable. LSA-C.C.P. art. 3612; Marionneaux v. Talbot, 625 So.2d 760, 761 (La.App. 1st Cir. 1993).
To obtain preliminary injunctive relief, the petitioner must show that he is threatened with irreparable injury, that he is entitled to the relief sought, and must make a prima facie showing that he will prevail on the merits of the case. LSA-C.C.P. art. 3601; Doug Reed Enterprises, Inc. v. City of Baton Rouge, 591 So.2d 733, 735 (La.App. 1st Cir.1991). A threat of irreparable injury need not be shown when the deprivation of a constitutional right is at issue. Vonderhaar v. Parish of St. Tammany, 633 So.2d 217, 220 (La.App. 1st Cir.1993). When a violation of federal due process or of state property protection guarantees is shown, a court may enjoin the constitutional violation. Doug Reed Enterprises, Inc., 591 So.2d at 735-36; South Central Bell Tel. Co. v. Louisiana Pub. Serv. Comm'n, 555 So.2d 1370, 1373 (La.1990).

Procedural Due Process
The Fourteenth Amendment to the United States Constitution provides, in pertinent part, "... nor shall any State deprive any person of life, liberty or property, without due process of law...." Similarly, Article I, §2 of the Louisiana Constitution provides that no person shall be deprived of life, liberty, or property, except by due process of law. To claim the protections of due process, a claimant must show the existence of some property or liberty interest which has been adversely affected by state action. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330, 334 (La.1980). Property interests are not created by the constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state lawrules or understandings that secure certain benefits and that support claims of entitlement to those benefits. Board of Regents of State Colleges v. Roth, 408 U.S. 564, *323 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).
An ongoing business is a property right, entitled to constitutional protection. Callais Cablevision, Inc. v. Houma Cablevision, Inc., 451 So.2d 6, 12 (La.App. 1st Cir.), writ denied, 452 So.2d 1175 (La.1984). However, a non-exclusive franchise does not include the right to be free of competition, and does not prevent the granting of similar franchises to others. Town of Coushatta v. Valley Electric Membership Corp., 139 So.2d 822, 827 (La.App. 2nd Cir.1961). Accordingly, in such an instance there is no constitutional deprivation, and due process protections, such as a right to a prior hearing, do not apply. See Delta Bank & Trust Co., 383 So.2d at 334.
In a similar situation, the United States District Court, Western District of Louisiana, stated:
Creation of a competitor by a government body's actions, whether it results simply in loss of revenue to a privately owned company or ultimately, in its being forced to cease business, does not amount to a taking or deprivation of property within the meaning of the Fourteenth Amendment.... Since commencement of a public ambulance service was a proper exercise of its power, the Council was under no duty to consult the corporation before establishing that service. Plaintiff's contention that the City's failure to hold a prior public hearing in order to determine economic feasibility and compelling public interest violated its Fourteenth Amendment rights is totally without merit.
Gentry v. Howard, 365 F.Supp. 567, 572 (W.D.La.1973).

ANALYSIS
Although the parish defendants did not appeal the issuance of the writ of mandamus, the preliminary injunction was imposed on Priority because the trial court determined that a public convenience and necessity hearing should have been held, and mandated that action. Therefore, we must address the legal correctness of that ruling in order to determine whether the injunction against Priority was justified.
The record shows Priority complied with all applicable ordinances in applying for its permit to operate a private ambulance service in East Baton Rouge Parish. Both parties agree that the parish ordinances do not state EMS must conduct a hearing before deciding whether the public convenience and necessity requires the proposed additional ambulance service. Having examined the pertinent ordinances, we agree that although they outline certain substantive requirements for EMS to consider in deciding whether to issue a permit, they do not state the procedure to be used in reaching the initial determination of public convenience and necessity. It is only after this initial decision has been made that the current holder of a valid permit must be notified and given the opportunity to provide the additional services needed. The trial court noted this in oral reasons, but concluded, nonetheless, that such a hearing should be held, stating:
The first question that this court must answer is whether or not the city parish ordinance requires that a hearing be held to determine whether public convenience and necessity requires the issuance of an ambulance permit? The court finds that the ordinance does not specifically require a hearing. However, it is this court's opinion that the ordinance does require that there be an administrative determination by the governing authority of whether public convenience and necessity requires the issuance of an additional ambulance permit.
* * * * * *
The court finds that the governing authority did not give Acadian Ambulance, who the court finds is a valid permit holder, adequate notice of the stated need, regardless of whether the need is for more ambulance service or a need for competition, and that the governing authority did not give Acadian Ambulance the opportunity to show that they could or could not provide for that need.
Having found the foregoing, the remaining question is whether the court should enjoin Priority E.M.S., Inc., from further *324 participation under the permit issued September 3, 1996? Priority is hereby enjoined from further actions under this permit until there has been a determination made by the governing authority, after notification and consultation with Acadian Ambulance, in compliance with this court's finding regarding the convenience and necessity requirements.
The signed judgment ordered that a writ of mandamus issue, directing the parish defendants:
to make an administrative determination (hearing) after notice to Acadian Ambulance Service, Inc. pursuant to Section 10:414(b) of the Code of Ordinances of the Parish of East Baton Rouge that the public convenience and necessity requires additional ambulance service and the issuance of an ambulance permit to Priority E.M.S., Inc.
Mandamus is only appropriate to compel a public official to take action that the law clearly states is required; however, the ordinances governing the action taken by the parish defendants in this case do not require a public convenience and necessity hearing. Therefore the writ of mandamus was not justified on the basis of these ordinances.
The trial court did not state any other basis for its ruling, however we must consider whether constitutional procedural due process guarantees warranted the issuance of the writ in this case. A due process analysis involves three questions: (1) whether the interest is protected by due process; (2) if the interest is so protected, whether due process requires some kind of hearing; and (3) if a hearing is required, what kind of hearing is mandated. Paillot v. Wooton, 559 So.2d 758, 760 (La.1990). Acadian undoubtedly has a property interest in its permit to operate a private ambulance service in East Baton Rouge Parish. If that permit were being revoked or terminated, a pre-deprivation hearing would undoubtedly be required. Paillot, 559 So.2d at 760-61. However, neither revocation nor termination is at issue here. The action being protested by Acadian is the grant of a permit to a competitor in the East Baton Rouge Parish market. When Acadian began operating in East Baton Rouge Parish in 1985, and continually until 1995, it had competition from another private ambulance service. It entered this market knowing it did not have a monopoly. The permit awarded to Acadian was and is not exclusive; Acadian's permit granted it only the right to compete in this venue. Therefore, granting a permit to a competing company would not violate the terms of Acadian's permit in any way. Nor would the permitting of another private ambulance company at this time deprive Acadian of any of the rights it holds under its permit. To have a property interest protected by procedural due process, a person must clearly have more than an abstract need or desire for it. He must have a legitimate claim of entitlement to it. Board of Regents of State Colleges, 408 U.S. 564, 92 S.Ct. at 2709. In this case, although Acadian certainly desires to be free of competition in the East Baton Rouge Parish market, its permit does not entitle it to that status. And, although the creation of a monopoly is not prohibited by the statutory scheme, neither is it mandated.
We conclude that, although Acadian has a property interest in its permit to operate a private ambulance service in East Baton Rouge Parish, that permit, the applicable ordinances, and historical precedent in this market do not entitle Acadian to be free of competition. Accordingly, it does not have a procedural due process right to be heard before the parish defendants determine there is a need for some degree of competition. The trial court erred in ordering a writ of mandamus for an action the public defendants were not required by law to perform.
We note, however, that although no right to a hearing is specified, the applicable ordinances do require notice to the current holder of a valid permit before a permit is actually granted to another private ambulance company. Only if the current permit holder cannot provide the additional services needed may a permit be granted to another entity. The record in this case indicates that the need identified by the parish defendants was a need for competition in this market. As required by the local ordinance, *325 Acadian was notified of this determination before the permit was granted to Priority. Clearly, no amount of evidence or argument could demonstrate that Acadian would be able to compete with itself. Therefore, we find the parish defendants were operating within the parameters of the ordinances in concluding Acadian could not meet the particular need in this case.
Because the writ of mandamus was improperly ordered, there was no legal basis for enjoining Priority's operations under its validly issued permit. Although a court may enjoin the violation of procedural due process guarantees, we have determined there were no such violations in this case. One whose franchise is not exclusive is not entitled to enjoin legitimate competition. Town of Coushatta, 139 So.2d at 827. We conclude, therefore, that Acadian did not prove its entitlement to injunctive relief, and the court's order against Priority must be reversed.
Having reached this determination, we also conclude this appeal is not moot; accordingly, the motion to dismiss on that basis must be denied. A moot question connotes an issue that has been deprived of practical significance and made abstract or purely academic. A moot case is one in which a judgment can serve no useful purpose and give no practical relief. Louisiana Assoc. Gen. Contractors, Inc. v. State, Through Div. Of Admin., Office of State Purchasing, 95-2105 (La.3/8/96), 669 So.2d 1185, 1193. Although it appears the parish defendants have now reversed their initial determination that competition is necessary and desirable in providing private ambulance services in East Baton Rouge Parish, this new conclusion cannot operate retroactively to deprive Priority of the permit it received after it and the parish authorities complied with all the applicable ordinances.[3] Because the writ of mandamus and injunction were improperly ordered, Priority may resume operations under the permit it received September 3, 1996.

CONCLUSION
The motion to dismiss this appeal is denied. The injunction prohibiting Priority from conducting operations under its permit is reversed. All costs of this appeal are assessed against Acadian.
REVERSED; MOTION TO DISMISS DENIED.
NOTES
[1] At some point in this process, EMS became aware that Acadian had never gone through the application process and did not have any specific document evidencing its authority to operate in the parish. When Acadian entered the Baton Rouge market in 1985, it purchased another private ambulance service, Ambulance Service Company of Baton Rouge, and applied to have that company's operating rights transferred to it. This permission was granted and, although no permit document was issued, from that time on, EMS considered Acadian a holder of a valid permit to operate a private ambulance service in the parish. So on September 3, 1996, to enable Acadian to prove its status, a certificate of convenience and necessity and a permit were issued to Acadian. The trial court found Acadian was a valid permit holder, and this factual finding was not assigned as error by Priority.
[2] Acadian's suit also asked the court to issue a preliminary injunction, ordering the parish defendants to suspend the permit issued to Priority, pending further order of the court. The court did not include this relief in its judgment.
[3] Those ordinances also contain specific substantive provisions for denial, suspension, and revocation of a permit. See East Baton Rouge Parish Ordinance No. 9234, Sec. 10:412, 2-13-91.