11 GREMILLION, J.
dissenting in part.
I respectfully disagree with a portion of the majority opinion in this case. Initially, the majority did not address Acadian’s assignment of error wherein it claimed that the trial court erred in finding that it did not have standing to sue. It is my opinion that the trial court committed legal error *1233 in failing to find that Lege and Acadian had standing to sue regarding both the alleged ordinance violation and the alleged Open Meetings Law violation.
The City, the Council, and MedExpress argue that the peremptory exception raising the objection of no right of action was properly granted because the legislature made “an express grant of authority to municipalities to regulate ambulance service within their boundaries” and that “at no point does the legislature provide or even recommend that a third party have the right to be allowed to contest the granting of a permit.”
At the hearing, the trial court relied on Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97-2119 (La.App. 1 Cir. 11/6/98); 722 So.2d 317, writ denied, 98-2995 (La.12/9/98); 729 So.2d 583, to grant the exception of no right of faction. In that case, the exception was granted after the merits of a preliminary injunction had been heard. In this case, we do not have the benefit of a trial on the merits of the preliminary injunction. The trial court simply stated that the facts did not present a question of burden of taxation that would unjustly affect the taxpayer or his property. I disagree. La.Code Civ.P. art. 681 states “an action can be brought only by a person having a real and actual interest which he asserts.” In his petition, Lege alleges that he is a part-owner of Acadian and a resident of Abbeville, and asserts that the Council violated the Open Meetings Law and its own ordinances in issuing a permit to MedExpress.
In Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Board, 586 So.2d 1354, 1357-58 (La.1991) (citation omitted) (emphasis added), the supreme court held:
Under Louisiana law, a taxpayer may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duties in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property. The fact that the taxpayer’s interest may be small and insusceptible of accurate determination is not sufficient to deprive him of the right.
Immediately following the trial court’s determination that this was not a burden of taxation case, Lege and Acadian pointed out that the plaintiff in Louisiana Associated knew when it entered the market that it was not the sole provider of emergency ambulance services, whereas in this case Acadian entered the market as the sole provider of ambulance services “relying on the assumption that if some other ambulance service wanted to get into this market that they would have to go through a hearing to determine public convenience and necessity.”
Obviously, Lege and Acadian have a strong monetary interest in Acadian maintaining its business status as the sole provider of private ambulance services in |3the City of Abbeville. Moreover, the East Baton Rouge case relied upon so heavily by the trial court recognized the inherent nature of the property interest that the plaintiff had, though it found there that the interest was not enough to give the plaintiff a procedural due process right. Here, Lege is not alleging a due process violation or any constitutional violation for that matter. Rather, he claims that the Council violated the Open Meetings Law and its-own ordinances, thus resulting in damage to him. Furthermore, “proof of an increased tax burden is not the only method by which a taxpaying citizen may seek judicial authority to restrain a public body from alleged unlawful action.” Louisiana Associated General Contractors, 586 So.2d at 1358. Thus, “taxpayer plaintiffs seeking to restrain action by a public body are *1234 afforded a right of action upon a showing of an interest, however small and indeterminable.” Id. Accordingly, I would find that Lege’s and Acadian’s interests in the present lawsuit are sufficient. They both have an interest in maintaining the integrity of the permit granting process and in assuring that the provisions of the Open Meetings Law are not violated.
Also, La.R.S. 42:10(C) specifically confers standing to: “Any person who has been denied any right conferred by the provisions of R.S. 42:4.1 through R.S. 42:8 or who has reason to believe that the provisions of R.S. ]$:k.l through R.S. A2:8 have been violated may institute enforcement proceedings.” (Emphasis added). Lege and Acadian’s petition alleges that the Council violated La.R.S. 42:7(A)(l)(b)(i) and (ii) by failing to provide written notice of the meeting to the public and by failing to vote on the approval of the expansion of the agenda to include taking up the granting of the permit in question. Clearly, Lege and Acadian have the necessary standing to move forth with their suit, and I respectfully suggest the granting of the no right of action was improper.
1¿Finally, I respectfully disagree with the majority holding that this case should be remanded to allow the record to be supplemented with the Abbeville City Charter and any other matter significant to the status of the Council only as the holding applies to the alleged violation of the Open Meetings Law. To determine whether the Council is a juridical person for the particular purpose of maintaining an action under the Open Meetings Law, we look to La.R.S. 42:4.2(A)(2), which states:
“Public body” means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
The Legislature has set forth the public policy for the open meeting law in La.R.S. 42:4.1(A), which reads:
It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through 10 shall be construed liberally.
In my opinion, the “governing authority” of the City is its Council. It is also my opinion that when La.R.S. 42:4.2(A)(2) is construed liberally the Council is a public body. As mentioned above, La.R.S. 42:10 specifically authorizes the institution of enforcement proceedings for violations of the Open Meetings Law. Thus, I conclude that the Legislature intended that the Council be considered a juridical entity capable of being sued for violations of the Open Meetings Law. I find support for this proposition because legislative policy indicates that citizens should be aware of the performance of its “public officials.” It would follow that a claim for |san open meetings violation would be instituted against the public officials against whom the claim was made; in this case, the Council, the City’s governing authority.
I agree with the majority’s decision to remand to allow the filing of the City *1235 Charter and the taking of other evidence to determine the Council’s juridical status regarding the issue of whether the City violated its ambulance permitting ordinances as well as the issue regarding the question of mootness.
For the foregoing reasons, I respectfully dissent in part from the majority’s opinion in this case.