Dear Mayor Lewis:
You have asked this office for an opinion on the vacation leave accrual policy for employees of the City of Port Allen ("City"). Specifically, you ask how the City should address the fact that some City employees have more than sixty days of vacation leave "on the books" despite a City Ordinance limiting the accrual of vacation leave to sixty days. We understand from discussions with your office that the excess accumulation is not a widespread practice, and that no more than six employees have purportedly accrued in excess of sixty days of vacation leave.
As we have consistently observed, absent a policy authorizing the accumulation or accrual of leave, or absent a meaningful opportunity to use the vacation leave, vacation leave expires if not used in the year that it becomes available. La.Atty.Gen.Op. Nos. 08-0253, 00-279, 92-383.
 As a general principle, vacation leave provides employees with an opportunity for rest and recreation; it is not designed to permit the accumulation of a vacation or savings account, unless allowed by statute, rule, or if it is the custom of the employer.
Billingsley v. City of Baton Rouge, 95-2162 (La.App. 1 Cir. 4/30/96), 673 So.2d 300,304.
The City of Port Allen does have a policy for the accrual of vacation leave. Section 2-101 of the Port Allen City Code ("Code") provides that "[v]acation leave up to 60 days can be carried on the books." Code § 2-101 (emphasis added). Thus, the City ordinance permits accrual of vacation leave, but only up to sixty days.Id. *Page 2 
The Supreme Court of Louisiana has recognized that a limitation on the accrual of leave is a valid employment policy. In a dispute between the City of New Orleans and the local firefighters' union, the Court recognized that a limit on the accrual of vacation leave is not tantamount to the forfeiture of such leave:
 A ceiling on the number of vacation days a fireman may carry forward is not, in itself, a forfeiture of earned vacation days, unless the fireman was denied the opportunity to use those earned vacation days.
New Orleans Firefighters Local 632 v. City of New Orleans, 2000-1921 (La. 5/25/01), 788 So.2d 1166, 1170. Also, the Court has recognized that limitations on the accrual of vacation leave do not violate state laws requiring full payment of wages earned upon termination, i.e., La.R.S. 23:631 and La.R.S. 23:634.Wyatt v. Avoyelles Parish School Board, 2001-3180 (La. 12/4/03), 831 So.2d 906.
It follows that the ordinance placing a limit on the accrual of vacation leave for employees of the City is a valid and enforceable law. This office is therefore of the opinion that City employees can accrue a maximum of sixty days vacation leave, and that any vacation leave purportedly accrued in excess of sixty days is an impermissible and unauthorized benefit that cannot be recognized by the City. The records of any City employees who have more than sixty days of vacation leave on the books must be adjusted to sixty days of accrued vacation leave.[1]
We have considered the potential claim by City employees who have accrued more than sixty days of vacation leave on the books that they may have a vested right in the excess accrued leave, such that it cannot be taken from them without due process of law. Both the federal and state constitutions guarantee that no person shall be deprived of property without due process of law.U.S. Const., Amend. XIV; La.Const. art. I, § 2. In order to assert the protections of due process, however, one must show the existence of some property or liberty interest that has been adversely affected by state action. Delta Bank Trust Co. v. Lassiter,383 So.2d 330, 334 (La. 1980); Taylor v. Haik-Terrell, *Page 3 
97-2119 (La.App. 1 Cir. 11/6/98), 722 So.2d 317, 322, writdenied, 98-2995 (La. 12/9/98), 729 So.2d 583. Property interests are not created by the constitution. They are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law, that secure certain benefits, and that support claims of entitlement to those benefits.Board of Regents of State Colleges v. Roth,408 U.S. 564, 577 (1972); Acadian Ambulance Service,Inc. v. Parish of East Baton Rouge, 97-2119 (La.App. 1 Cir. 11/6/98), 722 So.2d 317, writ denied, 98-2995 (La. 12/9/98), 729 So.2d 583.
It is generally recognized that when an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions for such benefit, the result is not a mere gratuity or illusory promise but a vested right in the employees to the promised benefit. Knecht v. Board of Trustees for StateColleges Universities Northwestern State University,591 So.2d 690, 695 (La. 1991). In all cases, however, an obligation cannot exist without a lawful cause. La.Civ.C. art. 1966;Lafleur v. City of New Orleans, 2001-3224 (La. 12/4/02),831 So.2d 941, 946. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. La.Civ.C. art. 1968;Lafleur, 831 So.2d at 946.
In applying these principles we are guided by the Louisiana Supreme Court opinion in Lafleur v. City of New Orleans, 2001-3224 (La. 12/4/02), 831 So.2d 941. In Lafleur a class of current and former police officers claimed to have a vested property interest in the payment of a full-day salary for each day of unused accrued sick leave, referred to as "one-to-one" compensation for unused accrued sick leave. The court found that the members of the plaintiff class did not have a vested interest in one-to-one payment for unused accrued sick leave because that benefit was not lawfully authorized:
 Although the record clearly establishes the existence of a departmental practice that might have constituted a benefit that vested in the form of deferred compensation had the policy been authorized by law, the fact that the policy violated express provisions of city civil service rules prevents the establishment of a vested right in favor of the plaintiffs.
Id. at 947. The court found that the plaintiffs did not have a vested interest in the one-to-one payment for unused accrued sick leave.
In applying the precedent established by Lafleur, the following statement from that opinion is ultimately dispositive of any claim that City employees may have to a vested interest in accrued vacation leave in excess of the sixty-day limit: *Page 4 
 [A] valid contract cannot be formed as a result of a legally unauthorized employer policy and consequently, an invalid contract cannot create a vested property right.
Id. at 946. Accordingly, the City could not form a valid contract with its employees for the accrual of more than sixty days of leave. It necessarily follows that the purported accrual of more than sixty says of vacation leave on the books for any one employee cannot and did not create a vested property interest in those benefits. Absent a vested property interest in the unauthorized excessive vacation leave, the affected employees cannot assert the protections of due process. Delta Bank Trust Co.,383 So.2d at 334; Taylor, 722 So.2d at 322.
We also reiterate the holding of the Supreme Court of Louisiana inNew Orleans Firefighters Local 632 v. City of New Orleans,supra at 1170, which found that the enforcement of a limit on the accrual of vacation leave did not constitute a forfeiture of that leave. Thus, by enforcing the sixty-day limit for those employees who purportedly accrued leave in excess of the limit, the City is not depriving the affected employees of any vested right. This office is therefore of the opinion that no City employee has any vested interest in vacation leave accrued beyond the sixty-day limit established by ordinance, and that no notice or opportunity for hearing is required before the excess accrued leave is removed from the books.
We understand from conversations with your office that certain employees have recently taken, or may be in the process of taking, more than sixty days of paid vacation leave immediately prior to retirement. We also understand that such individuals may have also received payment for additional unused leave upon retirement, after taking several months of paid vacation leave. It is beyond the purview of this office to evaluate any claims that the City may have for recovery of salary paid based in improperly accrued vacation leave. See La.Atty.Gen.Op. No. 10-0041, 04-0161.
We advise the City to consider conducting an internal investigation, with the assistance of the City's counsel, in order to determine whether or not the employees at issue have received compensation for excess accrued vacation leave. If it is determined that said compensation was improperly or illegally made, the Town, with counsel's advice, is obligated to consider the viability of any claims it may have, the cost of pursuing such claims, the applicable prescriptive periods, as well as the likelihood and amount of any potential recovery, in order to determine if it would be in the City's best interest to pursue potential claims for repayment. La.Atty.Gen.Op. No. 04-0161. *Page 5 
We also call your attention to La.R.S. 42:1461(A), which requires all public officials to administer public funds entrusted to them for public purposes and as a fiduciary. La.Atty.Gen.Op. Nos. 04-0161, 03-0393 and 90-504. This statute imposes a personal obligation upon public officials and employees and prohibits them from misappropriating, misapplying, converting, or misusing any funds or property in the custody of the public entity. La.R.S. 42:1461; La.Atty.Gen.Op. No. 04-0161. The breach of this obligation gives rise to an action in favor of the public entity for the recovery of such funds or property, and for damages resulting from the breach. Id.
Finally, to the extent that certain employees knew of the limitation on accrual of vacation leave and nevertheless took and/or claimed payment for excess vacation leave, we recommend that you refer the matter to the District Attorney for further investigation.
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL,
 ATTORNEY GENERAL
 BY:______________
 Charles W. Belsom, Jr.
 Assistant Attorney General
 JDC:CWB:lrs
[1] We acknowledge that our opinion herein may initially appear to conflict with a previous opinion issued to the City of Sulphur, in which we advised that the practice of allowing unlimited accrual of vacation leave prevailed over the stated policy imposing a fourteen-day limit on the accrual of such leave. La.Atty.Gen.Op. No. 91-363. There exists no conflict, however, because the fourteen-day limit for the City of Sulfur employees was imposed by a policy manual, while the limit for employees of the City of Port Allen is imposed by law. Id.
Furthermore, the policy manual at issue in the City of Sulphur opinion specified that the actual practices of the city would prevail over the policy manual. Id. The City of Port Allen has not made it a practice to allow employees to accrue excess vacation leave. More importantly, even if the City had made a practice of allowing unlimited vacation leave accrual, such practice cannot prevail over the ordinance at issue, which is a valid and enforceable law of the City.