THERIOT,,J.
|2This is a companion case to Stevens v. St. Tammany Parish Government, 16-0534 (La. App. 1 Cir. 1/18/17), 212 So.3d 568, handed down this same date. The plaintiffs-appellants, Terri Lewis Stevens and Jennifer Fruchtnicht, wife ofland Craig Rivera (collectively “the petitioners”), appeal a judgment entered by the trial court in favor of the defendant-appel-lee, St. Tammany Parish Government (“STPG”), denying the petitioners’ request for preliminary injunction on the construction of a certain public works project. For the following reasons, we dismiss this appeal as moot.
FACTS AND PROCEDURAL BACKGROUND
On February 18, 2015, the petitioners filed a petition for injunctive relief, damages, and attorney fees against STPG. The petitioners claimed they were the owners of adjoining five-acre tracts of land located in St. Tammany Parish, Louisiana, bordering Dove Park Road, a thoroughfare owned and maintained by STPG, and which fronts the northern border of Dove Park Subdivision. The petitioners claimed that in the 1950s, STPG or its predecessor in interest approved the development of Dove Park Subdivision, which, as originally designed, did not affect the drainage of water on the petitioners’ property. However, the petitioners claimed that, in or around 2003, STPG conceived and executed a public works project to pave the streets within the subdivision, which changed the drainage of water in a manner that substantially and unlawfully burdened the petitioners’ property. The petitioners claimed that STPG then approved another public works project to widen Dove Park Road in order to handle more drainage water, despite knowing that the project would substantially increase the drainage of water onto the petitioners’ property. Based upon the foregoing, the petitioners sought damages, permanent injunctive relief, mandamus |srelief, and a temporary restraining order and preliminary injunction prohibiting STPG from beginning or continuing work on the Dove Park Road widening project.
Relevant for purposes of this appeal, the trial court set the petitioners’ request for preliminary injunction for a hearing on March 27, 2015. At the hearing on the preliminary injunction, the trial court accepted testimony from the petitioners and several other witnesses regarding both the flooding conditions and the effects of the road widening project. After the petitioners presented their case-in-chief, STPG moved for involuntary dismissal.[1] The trial *565 court took the matter under advisement, and, on April 1, 2015, in open court, the trial court granted STPG’s motion for dismissal and assigned oral reasons for judgment. The trial court explained that the petitioners failed to provide any evidence that the road widening project would impact the current drainage conditions and that a preliminary injunction was therefore unnecessary to preserve the status quo. Thereafter, on April 20, 2015, the trial court signed a judgment granting the motion for involuntary dismissal and denying the petitioners’ request for the issuance of a preliminary injunction on the construction of the road widening project. The trial court reserved judgment on “all other issues for later determination.” The petitioners now appeal.
ASSIGNMENTS OF ERROR
The petitioners raise the following assignments of error:
|41. The trial court erred in not setting, considering, and ruling on the motions to receive additional evidence and alleging mandatory grounds for new trial.
2. It was error to refuse to consider Exhibits 28-31, contended to impeach the testimonies of Jay Pittman and Jean Thibodeaux and contended to demonstrate at least an ill practice on the part of STPG. The trial court erred in not reopening the preliminary injunction to consider these exhibits.
3. Although the original petition contained detailed factual allegations that STPG had trespassed on the petitioners’ property, had disturbed their possession, and had illegally burdened their land, the trial court erroneously refused to consider these causes of action and the testimonial proof positive that STPG was dumping water, trash, and sewerage that was eroding and fouling the petitioners’ property. There was additional error in not applying La. C.C.P. art. 1154 as evidence on these issues that was received without objection.
4.The prescription exception had no merit and did not provide an excuse not to rule on the drainage claims so that refusal to do so was in error.
STANDARD OF REVIEW
A preliminary injunction is an interlocutory procedural device designed to preserve the status quo between the parties pending a trial on the merits. Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97-2119 (La.App. 1 Cir. 11/6/98), 722 So.2d 317, 322, writ denied, 98-2995 (La. 12/9/98), 729 So.2d 583. Generally speaking, plaintiffs seeking issuance of a preliminary injunction bear the burden of establishing, by a preponderance of the evidence, a prima facie showing that they will prevail on the merits and that irreparable injury or loss will result without the preliminary injunction. La. C.C.P. art. 3601; Hill v. Jindal, 14-1757 (La.App. 1 Cir. 6/17/15), 175 So.3d 988, 1002, writ denied, 15-1394 (La. 10/23/15), 179 So.3d 600.
’ Although a trial court’s judgment on a preliminary injunction constitutes an interlocutory ruling, a party aggrieved by a judgment granting 15or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612(B); Acadian Ambulance Services, Inc., 722 So.2d at 322. However, appéllate review of a trial court’s issuance of a preliminary injunction is limited. The issuance of a preliminary injunction addresses itself to the sound discre *566 tion of the trial court and will not be disturbed on review unless a clear abuse of discretion is shown. Hill, 175 So.3d at 1002. See also Smith v. W. Virginia Oil & Gas Co., 373 So.2d 488, 493 (La. 1979).
DISCUSSION

Rule to Show Cause

Initially, we must consider the rule to show cause order issued by this court, ex proprio motu, on February 29, 2016, following the lodging of the appellate record. The rule to show cause order directed the parties to show cause as to whether or not the appeal should be dismissed as premature. The rule to show cause order noted that before the tidal court signed the written judgment denying the preliminary injunction, on April 14, 2015, the petitioners filed a motion for new trial and that the appellate record did not contain a ruling on the motion for new trial. On May 16, 2016, a different panel of this court referred the rale to show cause order to the merits panel.
As previously stated, a preliminary injunction is an interlocutory judgment designed to preserve the status quo between the parties pending a trial on the merits. See Acadian Ambulance Service, Inc., 722 So.2d at 322. Nevertheless, La. C.C.P. art. 3612(B) provides that an appeal may be taken as a matter of right from an order or judgment relating to a preliminary injunction. The party aggrieved by the order or judgment must take an appeal within fifteen days of the order or judgment. La. C.C.P. art. 3612(C). The fifteen-day delay does not commence to run on a judgment granting or denying a preliminary injunction until the judgment is signed. Petroleum Treaters, Inc. v. Houma Land & Offshore Co., 545 So.2d 1300, 1302 (La. App. 1 Cir. 1989), In addition, the delay for taking an appeal is not affected by the filing of a motion for new trial. See Marlbrough v. Zar, 98-38 (La. App. 5 Cir. 5/27/98), 713 So.2d 1163, 1164.
In this case, on April 30, 2015, the petitioners timely filed a motion and order for devolutive appeal within fifteen days of the trial court's judgment denying the preliminary injunction, which judgment was signed on April 20, 2015. Though the petitioners had previously filed a motion for new trial on April 14, 2015, the petitioners had no right to move for new trial in the first place, since “[t]he articles regulating new trials ... pertain to cases which have been tried on the merits, and the articles have no relation to interlocutory orders such as orders or judgments bearing on preliminary injunctions which are only rendered during the course of the proceeding and before final judgment.” Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183, 187 (La. 1971). Thus, the appeal is not subject to dismissal on the ground of prematurity.

Motion to Dismiss

Next, we turn to consider whether this appeal should be dismissed as moot. On March 23, 2016, STPG filed a motion with this court seeking to dismiss the appeal on the ground of mootness. STPG argued that the petitioners’ devolutive appeal should be dismissed as moot because the road widening project in the petitioners’ request for preliminary injunction had become substantially completed during the pendency of the appeal. This court accepted briefing on the issue of mootness, and, on May 16, 2016, a different panel of this court referred the motion to dismiss to the merits panel.
17An issue is moot when a judgment or decree on that issue has been “deprived of practical significance” or “made abstract or purely academic.” In re E.W., 09-1589 (La.App. 1 Cir. 5/7/10), 38 So.3d 1033, 1037. Thus, a case is moot *567 when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. If the case is moot, there is no subject matter on which the judgment of the court can operate; that is, jurisdiction, once established, may abate if the case becomes moot.' The controversy must normally exist at every stage of the proceeding, including the appellate stage. Id.
In this case, in support of its motion to dismiss the appeal, STPG attached the affidavit of Christopher Corvers, the project manager for the road widening project. Mr. Corvers testified that he had personal knowledge of the road widening project, including the contract to complete the road widening project entered between STPG and Magee Excavation & Development, LLC; that he had conducted a final inspection of the road widening project on March 11, 2016; that he had issued a “Notice of Substantial Completion and Punch List” to Magee Excavation & Development, LLC; and that the sole remaining items for performance did not pertain to drainage onto the petitioners’ property. In addition, STPG attached a copy of the aforementioned notice of completion to its motion.
In opposition to the motion to dismiss the appeal, the petitioners did not dispute that the road widening project had become substantially completed during the pendency of the appeal. Rather, the petitioners re-urged several matters originally raised in their appellate brief and argued that the rule of collateral consequences merited an exception from the rule of mootness, reasoning that their appeal presented important and unresolved issues. The petitioners cited several cases in support of the latter argument 18concerning the collateral consequences exception, none of which are relevant to the matter subjudice,[2]
In the specific context of a preliminary injunction, courts will not review a case in which only injunctive relief is sought and where the need for the injunc-tive relief has ceased to be a justiciable issue. See Verdun v. Scallon Bros. Contractors, Inc., 263 La. 1073, 270 So.2d 512, 513 (La. 1972); Walters v. Childers, 214 La. 531, 38 So.2d 160, 161-62 (La. 1948). This is so because an “[injunction may be used to prevent but not to correct a wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done.” Verdun, 270 So.2d at 613.
 Thus, when an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending appeal, the appeal must be dismissed as moot. Jackson v. Dobard, 15-0505 (La.App. 4 Cir. 12/9/15), 182 So.3d *568 1119, 1121 (quoting City of New Orleans Through Dept. of Safety & Permits v. Bd. of Comm’rs of Orleans Levee Dist., 96-0585 (La.App. 4 Cir. 9/26/96), 694 So.2d 975, 977, writ denied, 96-2820 (La. 1/6/97), 685 So.2d 116). See also Bristol Steel & Iron Works, Inc. v. State, Dept. of Transp. & Develop., 507 So.2d 1233, 1235 (La. 1987) (vacating an order enjoining a public works construction contract where the parties conceded that the project was “over ninety percent complete, i.e., substantially complete[,]” and explaining that injunctive relief is not available to enjoin a fait accompli).
|nLikewise, in the case at bar, the petitioners’ request for a preliminary injunction on the road widening project was the sole matter adjudicated in the April 20, 2015 judgment. The trial court reserved judgment on all other issues for later determination. The undisputed evidence proves that the road widening project has been substantially completed as of the date of the signing of this opinion. Thus, the appeal does not raise a present and actual dispute upon which the judgment of this court can effectively operate through a decree of conclusive character. The appeal must be dismissed as moot.[3]
DECREE
For the foregoing reasons, we find that the issue of the preliminary injunction is moot. We therefore grant the motion to dismiss the devolutive appeal on the ground of mootness filed by the defendant-appellee, St. Tammany Parish Government. All costs of this appeal are assessed to the plaintiffs-appellants, Terri Lewis Stevens and Jennifer Fruchtnicht, wife of/ and Craig Rivera.
MOTION TO DISMISS GRANTED; APPEAL DISMISSED.

, We note that in open court, STPG and the trial court framed the motion to dismiss as a "motion for directed verdict.” However, in its written judgment, the trial court framed the motion as a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(B). In the interest of clarity, we point out that the proper procedural vehicle in this case was a motion for involuntary dismissal, because the matter was tried before a bench trial. Nevertheless, we find any misspoken terminology to be harmless, as it is clear that the trial court found the petitioners failed to carry their burden of establishing their entitlement to relief. See Stone v. Entergy Services, Inc., 08-0651 (La.App. 4 Cir. 2/4/09), 9 So.3d 193, 197 n.5, *565 writ denied, 09-0511 (La. 4/17/09), 6 So.3d 797.

. The collateral consequences exception applies when a challenged article, statute, or ordinance is amended or repealed to cure any alleged constitutional defects. See Felder v. Political Firm, LLC, 14-1266 (La.App. 1 Cir. 4/24/15), 170 So.3d 1022, 1027-28. Under the collateral consequences exception, the court considers whether curative changes leave unresolved collateral consequences, such as where damages , or other monetary relief have been claimed on account of the former provisions of the challenged article, statute, or ordinance. Felder, 170 So.3d at 1028 (citing Cat’s Meow, Inc. v. City of New Orleans, Through Dept. of Finance, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1196). Notably, we have declined to extend the collateral consequences exception outside of the bounds discussed in Cat’s Meow, Inc., supra. See e.g., Louisiana Environmental Action Network v. Louisiana Dept. of Environmental Quality, 02-2377 (La.App. 1 Cir. 9/26/03), 857 So.2d 541, 544-45. Furthermore, the. collateral consequences exception “cannot apply where claimants have remedies available to pursue that can resolve the alleged harm.’’ Louisiana Environmental Action Network, 857 So.2d at 545,

. Having found that the appeal should be dismissed as moot, we decline to consider the merits of the petitioners’ several assignments of error. In so finding, we recognize that the petitioners present extensive arguments pertaining to various issues other than the preliminary injunction. However, as explained above, the preliminary injunction is the only matter presented in the trial court’s judgment at issue on appeal. Under La. Const, art. V, § 10, this court has broad supervisory jurisdiction, but, even with such broad power, we will not act on the merits of claims not adjudicated by the lower tribunal. See Omega General Const. LLC v. Parish of St. Tammany, 12-1734 (La.App. 1 Cir. 6/7/13), 2013 WL 2487985, *2 (unpublished) (citing Uniform Rules, Courts of Appeal, R. 1-3).