STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 0198

K CONSTRUCTION, INC.

VERSUS

CITY OF SLIDELL

JUDGMENT RENDERED: __NOV 0 6 2020__

* * * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany • State of Louisiana
Docket Number 2019-15240 • Division E
The Honorable William H. Burris, Judge Presiding

* * * * * * *

Chad A. Danenhower
Covington, Louisiana

ATTORNEY FOR APPELLANT
PLAINTIFF—K Construction, Inc.


Thomas S. Schneidan
*City Attorney, City of Slidell*
Slidell, Louisiana

ATTORNEY FOR APPELLEE
DEFENDANT—City of Slidell

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

The plaintiff, K Construction, Inc. ("K Construction"), appeals a judgment denying its request for a preliminary injunction against the defendant, the City of Slidell, prohibiting it from awarding a particular contract for a public works project to another bidder/contractor. The City of Slidell has filed a motion to dismiss the appeal as moot because the City of Slidell has since executed a contract with another contractor for the particular public works project. For reasons that follow, we grant the motion, dismiss this appeal, and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2.16(B).

On October 3, 2019, K Construction filed a petition for preliminary injunction, permanent injunction, declaratory judgment, and damages. Therein, K Construction alleged that it was a construction and contracting company specializing in public works projects throughout Louisiana, that the City of Slidell had published a request for bids for a particular public works project (*i.e.*, the Sewer Pump Bypass Valve Retro Fit Project: Job No. 300-106) (hereinafter "the Project"), and that K Construction was the lowest bidder for the Project and completed all the requisite tasks to be the lowest responsive and responsible bidder. K Construction asserted that on September 9, 2019, the City of Slidell sent a fax to K Construction notifying it that the City of Slidell intended to deem K Construction "Non-Responsible" regarding the bid for the Project because K Construction had previously sued the City of Slidell and those claims had been dismissed. K Construction further alleged that on September 17, 2019, the City of Slidell sent actual notice to K Construction that it was disqualified as a non-responsible bidder for the Project because of a judgment issued on February 4, 2019, in the proceedings entitled "*K Construction, Inc. v. City of Slidell*" number 2018-12843 on the docket of the Twenty-Second Judicial District Court, State of Louisiana. K Construction claimed that the City of Slidell's decision to deem it

non-responsible was improper and a violation of Louisiana's Public Bid Law. K Construction further claimed that the City of Slidell intended to improperly award the contract for the Project to the second lowest bidder and that improperly awarding the contract to another bidder would irreparably harm K Construction. Therefore, K construction sought a preliminary injunction and, in due course, a permanent injunction, enjoining the City of Slidell from improperly awarding the contract for the Project in violation of Louisiana's Public Bid Law. In addition, K Construction sought declaratory judgment declaring that K Construction was the lowest responsive and responsible bidder for the Project and that the City of Slidell violated Louisiana's Public Bid Law by not awarding the contract to K Construction and an award of costs. K Construction also sought attorney's fees related to bringing this action.

After a hearing on November 6, 2019, the trial court denied K Construction's request for a preliminary injunction, finding that the City of Slidell had not abused its discretion in determining that K Construction was a non-responsible bidder for the Project. A judgment denying K Construction's request for a preliminary injunction was signed on November 25, 2019.[1] From this judgment, K Construction has appealed, maintaining that the trial court erred in finding that the City of Slidell did not violate Louisiana's Public Bid Law when it disqualified K Construction as a bidder for the Project and in failing to issue a preliminary injunction ordering the City of Slidell not to award the contract for the Project to another bidder.[2] On June 25, 2020, while this appeal was pending, the City of Slidell filed a motion to dismiss the appeal on the basis that it was moot

---

[1] The November 25, 2019 judgment does not address or dismiss any of the other claims raised in K Construction's petition, as those issues were not before the trial court at the hearing on November 6, 2019.

[2] Although a trial court's judgment on a preliminary injunction constitutes an interlocutory ruling, a party aggrieved by a judgment granting or denying a preliminary injunction is entitled to an appeal. See La. C.C.P. art. 3612(B); **Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge**, 97-2119 (La. App. 1st Cir. 11/6/98), 722 So.2d 317, 322, writ denied, 98-2995 (La. 12/9/98), 729 So.2d 583.

because the City of Slidell had executed a contract for the Project with another contractor.

It is well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to controversies. **Joseph v. Ratcliff**, 2010-1342 (La. App. 1st Cir. 3/25/11), 63 So.3d 220, 225. Cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely. A "justiciable controversy" is one presenting an existing actual and substantial dispute involving the legal relations of parties who have real adverse interests and upon whom the judgment of the court may effectively operate through a decree of conclusive character. A "justiciable controversy" is thus distinguished from one that is hypothetical or abstract, academic, or moot. **City of Hammond v. Parish of Tangipahoa**, 2007-0574 (La. App. 1st Cir. 3/26/08), 985 So.2d 171, 178.

An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." **In re E.W.**, 2009-1589 (La. App. 1st Cir. 5/7/10), 38 So.3d 1033, 1037. Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. If the case is moot, there is no subject matter on which the judgment of the court can operate; that is, jurisdiction, once established, may abate if the case becomes moot. The controversy must normally exist at every stage of the proceeding, including the appellate stage. *Id.*

In this case, in support of its motion to dismiss the appeal, the City of Slidell attached the affidavit of Blaine Clancy, the City Engineer for the City of Slidell. In Mr. Clancy's affidavit, he stated that as City Engineer for the City of Slidell, he reviews bids and contracts for the City of Slidell's public works projects and that his office maintained copies of such contracts. He also stated that he was familiar with the bids received for, and the contract executed on, the Project. Attached to

Mr. Clancy's affidavit was a copy of a contract dated June 3, 2020, for the Project between the City of Slidell and Daystar Builders, Inc. (a contractor). Mr. Clancy stated in his affidavit that the contract attached thereto for the Project was a true and correct copy of the contract awarded, that the contract was authorized by the City Council of the City of Slidell, and that the contract was currently in full force and effect. K Construction filed no response to the City of Slidell's motion to dismiss.

In the specific context of a preliminary injunction, courts will not review a case in which only injunctive relief is sought and where the need for the injunctive relief has ceased to be a justiciable issue. **Stevens v. St. Tammany Parish Government**, 2016-0197 (La. App. 1st Cir. 1/18/17), 212 So.3d 562, 567. This is so because an injunction may be used to prevent, but not to correct a wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done. *Id.* Thus, when an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending appeal, the appeal must be dismissed as moot. *Id.*

Herein, K Construction's request for, and the trial court's denial of, a preliminary injunction to enjoin the City of Slidell from awarding the contract for the Project to another contractor was the sole matter adjudicated in the November 25, 2019 judgment. It has undisputedly been established that a contract for the Project was executed on June 3, 2020, between the City of Slidell and Daystar Builders, Inc., another contractor. Thus, this appeal does not raise a present and actual dispute upon which the judgment of this court can effectively operate through a decree of conclusive character; therefore, it must be dismissed as moot. Accordingly, we grant the City of Slidell's motion to dismiss the appeal of K Construction and dismiss this appeal.

All costs of this appeal are assessed to the plaintiff/appellant, K Construction, Inc.

**MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED.**