STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2021 CA 0181

BYRON E. TALBOT CONTRACTOR, INC.

VERSUS

LAFOURCHE PARISH SCHOOL BOARD

JUDGMENT RENDERED: **NOV 0 1 2021**

* * * * * * *

Appealed from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche • State of Louisiana
Docket Number 141314 • Division C

The Honorable Marla M. Abel, Presiding Judge

* * * * * * *

| | |
|---|---|
| Murphy J. Foster, III<br>Jacob E. Roussel<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLANT<br>PLAINTIFF—Byron E. Talbot<br>Contractor, Inc. ("Talbot") |
| | |
| Catherine Masterson<br>Patrick M. Amedee<br>Thibodaux, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Lafourche Parish<br>School Board ("LPSB") |
| | |
| Charlie Seemann, Jr.<br>Brian S. Schaps<br>New Orleans, Louisiana | COUNSEL FOR APPELLEE<br>INTERVENOR—LA Contracting<br>Enterprise, L.L.C. ("LA<br>Contracting") |

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND THERIOT, JJ.

**WELCH, J.**

In this matter arising under alleged violations of the Louisiana Public Bid Law, La. R.S. 38:2211 *et seq.*, the unsuccessful bidder for a public works project—Byron E. Talbot Contractor, Inc. ("Talbot")—brought an action seeking to enjoin the Lafourche Parish School Board ("LPSB") from awarding the contract to the lowest successful bidder or, alternatively, a declaration that any contract entered into by the LPSB and the lowest successful bidder was null and void. The lowest successful bidder—LA Contracting Enterprise, LLC ("LA Contracting")—intervened. The trial court ultimately denied Talbot's request for preliminary injunction. In this appeal, we are called upon to decide whether a public entity's bid advertisement may impose more restrictive requirements than the public entity's bidding instructions. We conclude that a public entity's bidding documents—including its bid advertisement and its bidding instructions—may not impose more restrictive requirements than those set forth in the Public Bid Law. See La. R.S. 38:2212(B)(2). We affirm.

## FACTS AND PROCEDURAL HISTORY

The LPSB solicited bids for a general contractor for a public works construction project named "New Thibodaux Middle School, Phase 1 Site Improvement" (the "project"). The LPSB's bid advertisement required that five items be identified on the bid envelope: (1) Job name and owner; (2) Architect; (3) Date; (4) Contractor's name, address, and license number; and (5) Architect's Project Number #1914.01." However, the LPSB's bidding instructions required that only four items be identified on the bid envelope: (1) Owner; (2) Project; (3) Contractor's license number; and (4) Architect's Project Number #1914.01.

Four parties submitted electronic bids. None of the four bidders submitted bids in a sealed envelope, but rather each utilized the electronic bid procedure by submitting their bids via the statutorily mandated "Louisiana Uniform Public Work Bid Form," which included a section on the electronic bid form where bidders would

2

insert all of the information that would otherwise be required on the exterior of the sealed envelope. Talbot and one other bidder identified the five items listed in the bid advertisement on their electronic bid forms, while LA Contracting identified only the four items listed in the bidding instructions on its electronic bid form.

LPSB awarded the project to the apparent lowest bidder, LA Contracting. Thereafter, Talbot—the apparent second lowest bidder—filed suit against the LPSB, seeking injunctive and declaratory relief. Talbot alleged that LA Contracting identified only the four items listed in the bidding instructions on its electronic bid form as opposed to the five items listed in the bid advertisement. Talbot argued that LA Contracting's bid was non-conforming and non-responsive to the bid advertisement because its electronic bid form failed to identify the architect, and that an award of the contract to LA Contracting would be in violation of the Public Bid Law.

The LPSB answered, contending that LA Contracting's bid was compliant with and responsive to the bidding instructions. LA Contracting intervened in the suit. Following a hearing, the trial court denied Talbot's request for preliminary injunction and gave oral reasons for ruling. The trial court signed a judgment in accordance with its ruling on September 29, 2020. Pursuant to a joint stipulation, the trial court's ruling was made permanent and applicable to Talbot's pending actions for permanent injunction, declaratory judgment, and mandatory injunction. Talbot now appeals the denial of its request for preliminary injunction.

## STANDARD OF REVIEW – PRELIMINARY INJUNCTION

A preliminary injunction is an interlocutory order issued in summary proceedings incidental to the main demand for permanent injunctive relief. **Farmer's Seafood Co. v. State ex rel. Dep't of Pub. Safety**, 2010-1746 (La. App. 1st Cir. 2/14/11), 56 So.3d 1263, 1266. A preliminary injunction is designed to preserve the status quo between the parties pending a trial on the merits. **Stevens**

3

**Constr. & Design, L.L.C. v. St. Tammany Fire Prot. Dist. No. 1**, 2018-1759, 2019-0431, 2019-0642 (La. App. 1st Cir. 1/16/20), 295 So.3d 954, 957-58 (*en banc*), writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650. A plaintiff seeking issuance of a preliminary injunction bears the burden of establishing, by a preponderance of the evidence, a *prima facie* showing that he will prevail on the merits and that irreparable injury or loss will result without the preliminary injunction. La. C.C.P. art. 3601; **Stevens v. St. Tammany Par. Gov't**, 2016-0197 (La. App. 1st Cir. 1/18/17), 212 So.3d 562, 565.

Louisiana Code of Civil Procedure article 3612(B) provides that an appeal may be taken as a matter of right from an order or judgment granting or denying a preliminary injunction. **Stevens**, 212 So.3d at 565. Whether to grant or deny a preliminary injunction rests within the sound discretion of the trial court. While the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion, this standard is based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding necessary to the proper exercise of its discretion. **Terrebonne Par. Consol. Gov't v. Carter**, 2019-1390 (La. App. 1st Cir. 9/18/20), 313 So.3d 1016, 1020. Accordingly, we review the trial court's denial of Talbot's request for preliminary injunction under the manifest error standard. See **Zachary Mitigation Area, LLC v. Tangipahoa Par. Council**, 2016-1675 (La. App. 1st Cir. 9/21/17), 231 So.3d 687, 691; **Saer v. New Orleans Reg'l Physician Hosp. Org.**, 2014-856 (La. App. 5th Cir. 3/25/15), 169 So.3d 617, 620.

## LOUISIANA PUBLIC BID LAW

Louisiana's Public Bid Law, set forth in La. R.S. 38:2211 *et seq.*, is a prohibitory law founded on public policy that mandates that all public construction contracts of major significance be let to the lowest responsible bidder. **Barriere Constr. Co., L.L.C. v. Par. of Tangipahoa**, 2018-0279 (La. App. 1st Cir. 9/24/18),

4

259 So.3d 458, 461. The Public Bid Law serves the dual purposes of (1) eliminating fraud and favoritism and (2) securing free and unrestricted competition among bidders, thereby avoiding undue or excessive costs. **Gilchrist Const. Co. LLC v. E. Feliciana Par. Police Jury**, 2012-1307 (La. App. 1st Cir. 7/11/13), 122 So.3d 35, 39. The provisions and requirements of the Public Bid Law have been amended several times since its inception. Each revision has evidenced a clear legislative intent that the substantive requirements of the bidding documents shall not be considered as informalities and shall not be waived by any public entity. La. R.S. 38:2212(A)(1) and (B)(1). See also **Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Auth.**, 2004-0211, 2004-0212 (La. 3/18/04), 867 So.2d 651, 657; **Barriere Constr. Co., L.L.C.**, 259 So.3d at 461. "[W]hen a public entity elects to place certain requirements in its advertisements for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date." **Broadmoor, L.L.C.**, 867 So.2d at 657.

A public contract is any contract awarded by any public entity for the making of any public works or for the purchase of any materials or supplies. La. R.S. 38:2211(A)(11). The Public Bid Law defines the "bidding documents" as the bid notice, plans and specifications, bid form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract. La. R.S. 38:2211(A)(2). The Public Bid Law mandates that a public entity's bidding documents may only require bidders to submit certain information in response to a bid. As set forth in La. R.S. 38:2212(B)(2), in pertinent part:

> The bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution or written evidence of the

5

authority of the person signing the bid, and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each unit; however, unit prices shall not be utilized for the construction of building projects, unless the unit prices and their extensions are incorporated into the base bid or alternates.

The statute further requires that "[a]ny public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control." La. R.S. 38:2212(B)(2).[1]

When a public entity elects to place certain requirements that differ from the statutory requirements in its bidding documents, then that public entity is bound by those advertised requirements and bid form specifications in addition to the statutory requirements, and may not choose to waive them at a later date. See **Phylway Const., LLC v. Terrebonne Par. Consol. Gov't**, 2013-1589 (La. App. 1st Cir. 9/5/14), 153 So.3d 516, 521, writ denied, 2014-2677 (La. 3/13/15), 161 So.3d 642. The statutory basis for this Court's reasoning is La. R.S. 38:2212(B)(1) (formerly La. R.S. 38:2212(A)(1)(b)), which states that the provisions "in the bidding documents shall not be waived by any entity." See **Barriere Constr. Co., L.L.C.**, 259 So.3d at 464. The Supreme Court has further held that a public entity's bid advertisement may not impose more restrictive requirements than those set forth in the Public Bid Law. See **Leblanc Marine, L.L.C. v. Div. of Admin., Off. of Facility Plan. & Control**, 2019-0053 (La. 10/22/19), 286 So.3d 391, 392; 396 (*per curiam*).

## DISCUSSION

In the case at bar, the LPSB's bid advertisement mandated that five items be identified on the bid envelope: (1) Job name and owner; (2) Architect; (3) Date; (4)

---

[1] The legislature has subsequently amended La. R.S. 38:2212(B)(2); however, that amendment is not at issue in this appeal. See 2021 La. Act 205, §1 (eff. Aug. 1, 2021).

Contractor's name, address, and license number; and (5) Architect's Project Number #1914.01."

Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. **Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance**, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1198. The starting point for interpretation of any statute is the language of the statute itself. **Id.** When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9. Further, a statute must be interpreted and applied in a manner consistent with logic and the presumed fair purpose and intention of the legislature in passing it. **MAW Enterprises, L.L.C. v. City of Marksville**, 2014-0090 (La. 9/3/14), 149 So.3d 210, 218.

This Court has held, citing a concurrence from the Louisiana Supreme Court, that the Public Bid Law at La. R.S. 38:2212(B)(2) provides an exclusive list of twelve items of information and/or documentation that a public entity may require bidders to submit in the bidding documents to evaluate the bid's responsiveness. See **Core Constr. Servs., L.L.C. v. Div. of Admin., Dep't of Facility Plan. & Control**, 2019-0857, 2019-0858 (La. App. 1st Cir. 8/5/20), 310 So.3d 569, 575, writs denied, 2020-01079, 2020-01088 (La. 11/24/20), 305 So.3d 103, 105 (citing **Durr Heavy Construction, LLC v. City of New Orleans**, 2016-609 (La. 4/15/16), 189 So.3d 384, 386 (C.J. Johnson, concurring)). This exclusive twelve-item list of information/documentation was added to the Public Bid Law in 2008 by legislative amendment and includes: (1) Bid Security or Bid Bond; (2) Acknowledgment of Addenda; (3) Base Bid; (4) Alternates; (5) Signature of Bidder; (6) Name of Bidder; (7) Title of Bidder; (8) Address of Bidder; (9) Name of Firm or Joint Venture; (10) Corporate Resolution or written evidence of the authority of the person signing the

bid; (11) Louisiana Contractors License Number; and (12) on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each unit; however, unit prices shall not be utilized for the construction of building projects, unless the unit prices and their extensions are incorporated into the base bid or alternates. See 2008 La. Act 727, §1 (eff. Aug. 15, 2008); 2014 La. Act 759, §1 (eff. Aug. 1, 2014) (re-designating and amending La. R.S. 38:2212(B)(2)); **Durr Heavy Construction, LLC**, 189 So.3d at 386 (C.J. Johnson, concurring);[2] and **Core Constr. Servs., L.L.C.**, 310 So.3d at 575. See also **Boh Bros. Constr. Co., L.L.C. v. Par. of Jefferson**, 2020-472 (La. App. 5th Cir. 6/2/21), ___ So.3d ___, ___, 2021 WL 2217467, at *5.

As stated *supra*, the Public Bid Law includes "bidding instructions" as well as "all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract" in its definition of "bidding documents." See La. R.S. 38:2211(A)(2). Accordingly, the LPSB's bid advertisement forms part of the LPSB's bidding documents for this Project. As set forth in La. R.S. 38:2212(B)(2), the LPSB could only require twelve items in its bidding documents in order for a bid to be responsive. The identification of the architect is not one of the twelve items listed in La. R.S. 38:2212(B)(2); thus, the LPSB's bid advertisement requiring the identification of the architect on the bid envelope was in violation of the Public Bid Law. Because the LPSB's bid advertisement requiring the identification of the architect on the bid envelope was in violation of the Public Bid Law, LA

---

[2] In **Durr Heavy Construction, LLC**, the City's bid instructions required that the bid be submitted either in a sealed envelope, bearing the proposal number and state contractor's license, or online. The two lowest bidders failed to include the proposal number on their envelopes. Durr, the third lowest bidder, sought a preliminary injunction, which was denied by the district court. The Fourth Circuit reversed the district court and on review, the Louisiana Supreme Court reversed the ruling of the Fourth Circuit and reinstated the district court's order. In her concurrence, Chief Justice Johnson opined that La. R.S. 38:2212(B)(2) provides an exclusive list of the only twelve items that a public entity can require bidders to provide in the "bidding documents," and that where a bid envelope bearing a "Proposal Number" is clearly not one of the listed items, the City erred in requiring the same in its bidding instructions. See **Durr Heavy Construction, LLC**, 189 So.3d at 385-86.

Contracting's bid was responsive because its electronic bid form did ultimately comply with the requirements set forth in the LPSB's bidding instructions. For the LPSB to reject LA Contracting's bid based upon the non-inclusion of the architect on its electronic bid form would in essence ignore the requirements of La. R.S. 38:2212(B)(2).

As reasoned by the trial court:

> [Louisiana Revised Statutes 38:2212(B)(2)] provides the exclusive list of information or documents that a public entity can require bidders to provide in the bidding document. The architect's name is not one of the 12 items. This statute must be interpreted in a manner consistent with logic and the presumed fair purpose and intention of the legislature that passed it.
>
> The Court finds that this case is factually similar to the *Durr* case, which the majority of the Louisiana Supreme Court did not agree on the Chief Justice's reasons; however, the majority of the Supreme Court did agree in the results which was to reverse the Fourth Circuit's decision and reinstate the [t]rial [c]ourt's denial of injunctive relief.
>
> This Court also takes into consideration the purpose of the Public Bid Law, which is to protect taxpaying citizens against contracts entered into by public officials because of favoritism. Here, disqualifying [LA Contracting's] bid would not serve the purpose of the Public Bid Law. It would prevent [the LPSB] from awarding the contract to the lowest bidder. For these reasons, the preliminary injunction requested by [Talbot] … is denied.

Therefore, we find no manifest error in the trial court's denial of Talbot's request for preliminary injunction.

## DECREE

We affirm the trial court's September 29, 2020 judgment. All costs of this appeal are assessed to the plaintiff/appellant, Byron E. Talbot Contractor, Inc.

**AFFIRMED.**