STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1359

GIROD TITLING TRUST

VERSUS

PITTMAN ASSETS, L.L.C., SHADRACK ENTERPRISES, L.L.C.,
MICHAEL N. PITTMAN, AMY SCHOULTZ PITTMAN, MARCUS
L. PITTMAN III, JANET LATTANZI PITTMAN

Judgment Rendered: **JAN 0 6 2024**

\* \* \* \* \*

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2022-15608

Honorable Alan A. Zaunbrecher, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| J. Eric Lockridge<br>James R. Chastain, Jr.<br>Karli G. Johnson<br>Katilyn M. Hollowell<br>Baton Rouge, LA<br>-and-<br>Georgia N. Ainsworth<br>New Orleans, LA<br>-and-<br>Ross F. Lagarde<br>Slidell, LA | Attorneys for Plaintiff-Appellee,<br>Girod Titling Trust |
| James M. Garner<br>John T. Balhoff II<br>Brandon W. Keay<br>Stuart D. Kottle<br>New Orleans, LA | Attorneys for Defendants-Appellants,<br>Pittman Assets, L.L.C., Shadrack<br>Enterprises, L.L.C., Michael N. Pittman,<br>Amy Schoultz Pittman, Marcus L. Pittman<br>III, Janet Lattanzi Pittman |

\* \* \* \* \*

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. dissents for reasons assigned.
by SMP

**HESTER, J.**

In this executory process proceeding, defendants appeal the trial court's denial of their motion for preliminary injunction to enjoin the judicial sale of immovable property. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On December 2, 2022, Girod Titling Trust ("Girod"),[1] filed a verified petition for foreclosure by executory process against defendants, Pittman Assets, L.L.C. ("Pittman Assets"), Shadrack Enterprises, L.L.C. ("Shadrack"), Michael N. Pittman, Amy Schultz Pittman, Marcus L. Pittman III, and Janet Lattanzi Pittman (collectively, "Defendants"). Central to the issues raised in the petition is a promissory note (the "Note"), dated January 31, 2013, identified as Loan No. XX3847, and given by Michael, Pittman Assets, Shadrack, Ozone Properties, L.L.C., Pitman Assets MSSC, L.L.C., Medical Center Diagnostics, L.L.C., and the Michael Norton Pittman Family Trust ("Borrower") in the principal amount of $9,360,000.00, bearing interest at a variable rate of "7.000% per annum." The Note was payable on demand; however, if no demand was made, Borrower was to pay the loan in 35 regular payments of $66,712.63 each and one irregular final payment of $8,965,544.99. The first payment was due on February 28, 2013, and the final payment due on January 28, 2016, which amount could be greater if Borrower failed to make the monthly payments as scheduled. A Change in Terms Agreement dated February 12, 2016, reflected the existing principal balance of $8,917.891.05 and indicated that the interest rate changed from "7.00%" fixed to a variable interest rate with a corresponding alteration to the principal and interest payments, including changing the final payment due date to February 12, 2019.

---

[1] According to the petition, Girod is a Delaware statutory trust, acting through its trustee, OAT Trustee, LLC. Girod further indicated that Capital Crossing Servicing Company, LLC is the servicer for the note at issue in these proceedings and is authorized to act on behalf of Girod.

The Note provided that Borrower "will pay Lender" at the address indicated, which the original note provided was First NBC Bank ("First NBC"), Main Office, 210 Baronne Street, New Orleans, LA, 70112. Pursuant to an April 2017 order, First NBC was closed, liquidation commenced, and the Federal Deposit Insurance Corporation ("FDIC") was confirmed as the receiver of First NBC. The FDIC was also vested with title to all assets of First NBC without the execution of any instrument of conveyance, assignments, transfer, or endorsement, and was vested with full and exclusive management and control of First NBC. Thereafter, two allonges to the Note were executed, which modified to whom the Note was made payable: one made effective on November 13, 2017, by the FDIC, which assigned the Note to Girod Loanco, LLC, and another made effective January 12, 2018, by Girod Loanco, LLC, which assigned the Note to Girod.

The note matured on February 12, 2019, and Girod alleged that Borrower was "in default for non-payment, among other reasons." As the owner and holder of the Note, Girod made multiple demands for payment on Borrower, including by letter dated December 12, 2019, which was attached to the petition. While Borrower made several payments on the Note, Borrower failed to pay the full balance owed. According to the petition, the outstanding principal balance due on the Note totaled $5,256,283.63 as of November 17, 2022, with $2,010,130.77 in accrued regular interest and $5,218,680.62 in accrued default interest, with interest continuing to accrue.

Securing Borrower's debts, including the Note, was a Multiple Indebtedness Mortgage ("MIM") executed by Defendants. The MIM was dated December 29, 2011, in favor of First NBC and its successors and assigns and any future holders of

3

the "Indebtedness,"[2] including the Note. The MIM was filed in the mortgage records for St. Tammany Parish on January 3, 2012. The MIM pledged any and all Defendants' present and future rights, title, and interest in certain immovable property located in St. Tammany Parish, Louisiana, which included a 74.4221-acre tract located in Sections 46 and 47, Township 8 South, Range 11 East, Town of Mandeville; Lot Nos. 2, 3, 4, and 5 located in the subdivision of original Lot No. 19 of the Town of Mandeville; and Parcel A and B located in Sections 46 and 47, Township 8 South, Range 11 East, Town of Mandeville (the "Property").

Alleging that it met all requirements for an order of seizure and sale, Girod requested an order of executory process and, ultimately, a writ of seizure and sale of the Property. After considering Girod's verified petition for foreclosure by executory process and the documents annexed thereto, the trial court issued an order on December 6, 2022, directing the Sheriff of St. Tammany Parish to seize and sell the Property.

In response, Defendants filed both a motion for preliminary injunction and a petition for preliminary and permanent injunction on June 9, 2023, seeking to prohibit Girod from proceeding with the judicial sale of the property.[3] Girod argued that the judicial sale must be enjoined because the underlying Note was

---

[2] "Indebtedness" was defined in the MIM, in part, as any and all present and future loans, advances, and/or extensions of credit obtained by Borrower, Shadrack, Michael Norton Pittman Family Trust, or Defendants from First NBC, as well as First NBC's successors and assigns under a certain commercial loan agreement dated December 29, 2011, and any and all promissory notes evidencing such present and/or future loans, advances, and/or other extensions of credit, including without limitation, a Note dated December 29, 2011, in the principal amount of $8,400,000.00, from Borrower, Shadrack, and Michael Norton Pittman Family Trust to First NBC.

[3] Louisiana Code of Civil Procedure article 2642 permits defenses and procedural objections to an executory proceeding to be brought either through an injunction proceeding to arrest the seizure and sale as provided in La. Code Civ. P. arts. 2751-2754, or a suspensive appeal of the order directing the issuance of the writ of seizure and sale, which appeal must be filed within fifteen days of service of the notice of seizure as provided in La. Code Civ. P. art. 2721, or both. However, when a party chooses to present defenses and objections to the seizure and sale by way of a suit for injunctive relief, the party takes the substantial risk that, upon denial of a preliminary injunction, the property will be sold before an appellate court considers the merits of a devolutive appeal. **Standard Mortgage Co. v. Bey**, 2020-0978 (La. App. 1st Cir. 5/27/21), 327 So.3d 35, 38.

4

unenforceable due to First NBC's fraud and breach of the Note. Defendants also argued that the Note is a non-negotiable instrument and was improperly assigned to Girod.

After a hearing, the trial court signed a judgment on August 24, 2023, denying Defendants' motion for preliminary injunction. Defendants appealed. After this matter was lodged and submitted, all parties conceded to this court that the Property was sold at a sheriff's sale on August 14, 2024, in connection with a separate executory process foreclosure action concerning another promissory note also secured by the MIM at issue in this case.[4] However, the parties disagree as to the effects of the sale and whether a justiciable issue remains on appeal.

## LAW AND ANALYSIS

The August 24, 2023 judgment before us on appeal provides as follows:

> IT IS ORDERED, ADJUDGED, AND DECREED that the Motion for Preliminary Injunction filed by Pittman Assets, LLC, Shadrack Enterprises, LLC[,] Michael N. Pittman, Amy Schoultz Pittman, Marcus L. Pittman, III[,] and Janet Lattanzi Pittman be and is hereby denied.

Accordingly, the only issue before this court on appeal is the correctness of the trial court's denial of Defendants' motion for preliminary injunction. Notably, Defendants sought a preliminary injunction prohibiting Girod from proceeding with the judicial sale of the Property "in this executory process foreclosure suit."[5] However, on August 14, 2024, a judicial sale of the Property occurred in connection with a separate executory process suit, rendering the issue presented herein moot.

---

[4] On October 4, 2024, this court ordered the parties to show cause whether a justiciable issue on appeal of the August 24, 2023 judgment remained. Without denying that the Property was sold in a subsequent foreclosure action, Defendants argued that the subsequent foreclosure action was removed to federal court and that the sheriff's sale was null. However, Girod noted that Defendants' removal action was unsuccessful, as the federal court remanded the matter due to the lack of subject matter jurisdiction and further found that the removal action was untimely.

[5] A preliminary injunction is an interlocutory judgment designed to preserve the *status quo* between the parties pending a trial on the merits. **Stevens Constr. & Design, L.L.C. v. St. Tammany Fire Prot. Dist. No. 1**, 2018-1759, 2019-0431, 2019-0642 (La. App. 1st Cir. 1/16/20), 295 So.3d 954, 957-58 (*en banc*), writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650. Although the judgment on the preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. La. Code Civ. P. art. 3612.

An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." **In re E.W.**, 2009-1589 (La. App. 1st Cir. 5/7/10), 38 So.3d 1033, 1037. Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. **Id**. If the case is moot, there is no subject matter on which the judgment of the court can operate; that is, jurisdiction, once established, may abate if the case becomes moot. **Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.**, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193. The controversy must normally exist at every stage of the proceeding, including the appellate stage. **In re E.W.**, 38 So.3d at 1037.

In the specific context of a preliminary injunction, courts will not review a case in which only injunctive relief is sought and where the need for the injunctive relief has become moot. **K Constr., Inc. v. City of Slidell**, 2020-0198 (La. App. 1st Cir. 11/6/20), 315 So.3d 292, 295. Where the purpose of the injunctive relief sought is to prevent specifically threatened future conduct, but the act sought to be enjoined has already been committed or accomplished, there can be no ground for an injunction. **Felder v. Political Firm, L.L.C.**, 2014-1266 (La. App. 1st Cir. 4/24/15), 170 So.3d 1022, 1026. Also see **Stevens v. St. Tammany Par. Gov't**, 2016-0197 (La. App. 1st Cir. 1/18/17), 212 So.3d 562, 567 (finding that an injunction cannot be employed to redress an alleged consummated wrong or undo what has already been done).

A court of appeal will not review a case when only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue. **Silliman Private Sch. Corp. v. Shareholder Grp.**, 2000-0065 (La. App. 1st Cir. 2/16/01), 789 So.2d 20, 23, writ denied, 2001-0594 (La. 3/30/01), 788 So.2d 1194. Thus, when an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending the appeal, the appeal must be dismissed as moot. **Stevens,**

212 So.3d at 567. Jurisdiction, once established, may abate if the case becomes moot. **Id**.

Notwithstanding any legal arguments or grounds for attacking the August 14, 2024 sale of the Property, which are not properly raised in this suit, the act sought to be enjoined by Defendants in this case – the judicial sale of the Property – was accomplished pending this appeal. Thus, this appeal does not raise a present and actual dispute upon which the judgment of this court can give any practical relief or effect. See **In re E.W.**, 38 So.3d at 1037. Accordingly, this appeal must be dismissed as moot. **Stevens**, 212 So.3d at 567.

## CONCLUSION

For the above and foregoing reasons, Pittman Assets, L.L.C., Shadrack Enterprises, L.L.C., Michael N. Pittman, Amy Schultz Pittman, Marcus L. Pittman III, and Janet Lattanzi Pittman's appeal of the August 24, 2023 judgment, denying their motion for preliminary injunction is dismissed as moot. Costs of this appeal are assessed against Pittman Assets, L.L.C., Shadrack Enterprises, L.L.C., Michael N. Pittman, Amy Schultz Pittman, Marcus L. Pittman III, and Janet Lattanzi Pittman.

**APPEAL DISMISSED.**

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 1359

### GIROD TITLING TRUST

### VERSUS

### PITTMAN ASSETS, L.L.E., SHADRACK ENTERPRISES, L.L.C., MICHAEL N. PITTMAN, AMY SCHOULTZ PITTMAN, MARCUS L. PITTMAN, III, JANET LATTANZI PITTMAN

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., dissenting.**

I disagree with the majority's conclusion finding that no justiciable controversy exists. It is unclear that the companion litigation involving the sheriff's sale of the property is final. In fact, appellants assert that there is ongoing litigation in the companion case as to the validity of the sheriff's sale, which would affect the ownership of the property in question. The appellants further assert that they have filed a separate petition to annul said sheriff's sale. If the sheriff's sale is invalidated, the issue before this court would be ripe for adjudication. Therefore, I respectfully dissent.