# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

2024 CA 0002
2023 CW 1207
2023 CW 1220

## GAINWELL TECHNOLOGIES, LLC

### VERSUS

STEPHEN RUSSO, IN HIS OFFICIAL CAPACITY AS ACTING
SECRETARY FOR THE LOUISIANA DEPARTMENT OF HEALTH AND
THE LOUISIANA DEPARTMENT OF HEALTH; STATE OF LOUISIANA;
STATE OF LOUISIANA, DIVISION OF ADMINISTRATION; JAY
DARDENNE IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF
ADMINISTRATION, DIVISION OF ADMINISTRATION FOR THE
STATE OF LOUISIANA; STATE OF LOUISIANA, OFFICE OF STATE
PROCUREMENT; TOM KETTERER IN HIS OFFICIAL CAPACITY AS
DIRECTOR, OFFICE OF STATE PROCUREMENT

Judgment Rendered: ___JAN 3 1 2025___

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 736455

The Honorable Ronald R. Johnson, Judge Presiding

Leigh Ann Schell                    Counsel for Plaintiff/Appellee,
Kellen J. Mathews                   Gainwell Technologies LLC
Taylor M. LeDuff
Christopher D. Joseph
Baton Rouge, Louisiana

David J. Ginsberg
Los Angeles, California

Bridget B. Denicola                 Counsel for Defendants/Appellants,
Victor J. Brubaker                  Division of Administration, and Jay
Baton Rouge, Louisiana              Dardenne, Commissioner of

V. Thomas Clark
Carroll Devillier
Danielle L. Borel
Mary Katherine Loos
Sarah A. Perkins
Baton Rouge, Louisiana

Administration
Counsel for Intervenor/Appellant,
Conduent State Healthcare, LLC

Carlos A. Romanach
Baton Rouge, Louisiana

Counsel for Defendants/Appellants,
Office of State Procurement,
and Tom Ketterer, Director
of the Office of State Procurement

Douglas L. Cade
Jeremy S. Woolard
Charles E. Daspit
Baton Rouge, Louisiana

Counsel for Defendants/Appellants,
Louisiana Department of Health
and Secretary Stephen Russo

BEFORE: THERIOT, PENZATO, AND MILLER, JJ.

**MILLER, J.**

Defendants/Appellants, Louisiana Department of Health ("LDH"); Stephen Russo, in his official capacity as Secretary of the Louisiana Department of Health ("Secretary Russo"); State of Louisiana, Division of Administration ("DOA"); Jay Dardenne, in his official capacity as Commissioner of Administration ("Commissioner Dardenne"); State of Louisiana, Office of State Procurement ("OSP"); and Tom Ketterer, in his official capacity as Director of the Office of State Procurement ("Director Ketterer"); and Intervenor/Appellant, Conduent State Healthcare, LLC ("Conduent"), appeal a judgment of the trial court granting Gainwell Technologies LLC's ("Gainwell") application for the issuance of a preliminary injunction against DOA and LDH. Additionally, DOA, Commissioner Dardenne, OSP, and Director Ketterer and LDH and Secretary Russo filed writ applications seeking review of the trial court's October 26, 2023 judgment. For the reasons that follow, we dismiss the appeals and writ applications.

## FACTS AND PROCEDURAL HISTORY

Gainwell is Louisiana's Medicaid claims processing services vendor. On April 21, 2023, Gainwell filed a pre-award Protest with OSP, challenging the State's compliance with the applicable procurement law. Thereafter, on May 17, 2023, Director Ketterer issued a response, denying Gainwell's request for relief. Gainwell then appealed Director Ketterer's response with the DOA. Commissioner Dardenne issued a decision on August 10, 2023, wherein he concurred with Director Ketterer's decision dismissing, as untimely, Gainwell's pre-award protest regarding LDH's intent to use cooperative purchasing for the procurement of Medicaid Claim Processing Services.

On August 23, 2023, Gainwell filed a "Petition for Judicial Review and Injunctive and Declaratory Relief." Gainwell sought judicial review of the August 10, 2023 appeal decision rendered by Commissioner Dardenne and the May 17,

3

2023 protest decision; a declaratory judgment; a temporary restraining order ("TRO"); a preliminary prohibitory injunction; and a permanent prohibitory injunction. The named defendants were LDH, Secretary Russo, DOA, Commissioner Dardenne, OSP, and Director Ketterer. On September 5, 2023, Conduent sought to intervene, contending it had a protected pecuniary interest in the outcome of the litigation, and the trial court permitted Conduent to intervene and join the defendants.

On October 27, 2023, the trial court held a hearing on Gainwell's petition for preliminary injunction. The trial court granted the preliminary injunction in favor of Gainwell and against DOA and LDH and enjoined them from discussing and/or negotiating the terms of, executing, or allowing any services to be performed pursuant to any Participating Addendum or contract for Medicaid claims processing – fiscal intermediary services – resulting from the defendants' procurement activities commencing in or around Fall 2021 through the present, with any vendor, including but not limited to Conduent, until the above-captioned proceedings concluded. The trial court signed its judgment on November 2, 2023, and ordered the preliminary injunction to be issued upon the posting of security in the amount of $100,000.00 pursuant to La. C.C.P. art. 3610.

LDH, Secretary Russo, DOA, Commissioner Dardenne, OSP, Director Ketterer, and Conduent appealed. On June 5, 2024, LDH and Secretary Russo filed a motion to dismiss both their writ application (2023 CW 1220) and their appeal. Thereafter, on December 11, 2024, the district court signed a judgment of dismissal, which dissolved the November 2, 2023 preliminary injunction entered in favor of Gainwell and dismissed all claims in the underlying suit with prejudice. Then, on December 18, 2024, DOA, Commissioner Dardenne, OSP, and Director Ketterer also filed a motion to dismiss both their writ application (2023 CW 1207)

4

and their appeal. Further, Conduent indicated to this court through correspondence that it did not oppose the dismissal of their appeal.

## DISCUSSION

In the interest of judicial economy, an appellate court may consider the possibility of mootness on its own motion and dismiss the appeal if the matter has become moot. Russell v. Cantrelle, 2019-0284 (La. App. 1st Cir. 2/21/20), 2020 WL 859515, *3, n.8 (unpublished). An issue is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. If the case is moot, there is no subject matter on which the judgment of the court can operate; that is, jurisdiction, once established, may abate if the case becomes moot. The controversy must normally exist at every stage of the proceeding, including the appellate stage. Stevens v. St. Tammany Parish Government, 2016-0197 (La. App. 1st Cir. 1/18/17), 212 So. 3d 562, 566-567.

Accordingly, we grant the motions to dismiss the appeal and writ applications filed by LDH, Secretary Russo, DOA, Commissioner Dardenne, OSP, and Director Ketterer. Further, we dismiss Conduent's appeal as moot due to the December 11, 2024 judgment of dismissal signed by the district court.

## CONCLUSION

For the above and foregoing reasons, the motion to dismiss filed by the Louisiana Department of Health and Stephen Russo, in his official capacity as Secretary of the Louisiana Department of Health on June 5, 2024 is granted, and their appeal of the November 2, 2023 judgment and writ application are dismissed. The motion to dismiss filed by the State of Louisiana, Division of Administration; Jay Dardenne, in his official capacity as Commissioner of Administration; State of Louisiana, Office of State Procurement; and Tom Ketterer, in his official capacity as Director of the Office of State Procurement is granted, and their appeal of the November 2, 2023 judgment and writ application are dismissed. Further, Conduent

5

State Healthcare, LLC's appeal of the November 2, 2023 judgment is dismissed as moot. All costs of this appeal are assessed as follows: (1) $1,012.25 to Gainwell Technologies, LLC; (2) $1,012.25 to Louisiana Department of Health and Stephen Russo, in his official capacity as Secretary of the Louisiana Department of Health; (3) $1,012.25 to State of Louisiana, Division of Administration, Jay Dardenne, in his official capacity as Commissioner of Administration, State of Louisiana, Office of State Procurement, and Tom Ketterer, in his official capacity as Director of the Office of State Procurement; and (4) $1,012.25 to Conduent State Healthcare, LLC.

**APPEAL DISMISSED; WRITS DISMISSED.**